David A. Mazie, Esq.(NJ Attorney ID No. 017941986)
Adam M. Slater, Esq. (NJ Attorney ID No. 046211993)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
P: (973) 228-9898
*Counsel for Defendant Mazie Slater & Pro Se Defendants Mazie and Slater*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC JOHNSON; VANESSA WILLIAMS, EXECUTOR OF THE ESTATE OF GLADYS WILLIAMS, DECEASED, AND VANESSA WILLIAMS, INDIVIDUALLY; MCARTHUR JONES, EXECUTOR OF THE ESTATE OF JANET JONES, DECEASED AND MCARTHUR JONES, INDIVIDUALLY; HENRIETTA WILLIAMS; ELIZABETH LAMPKIN; ROBERT DELOACH, EXECUTOR OF THE ESTATE OF CAROLYN LINDSEY, DECEASED AND ROBERT DELOACH, INDIVIDUALLY; CARMEN MORENO; ROSA, MORENO; THERESA NIX; DEBORAH HENSLEY; LORETTA G. ROBINSON; GREGORY H. HEMPHILL; DELORES HOWARD; MAGGIE CURRY; JEAN FIEBELKORN; ELVINA GALLOW; ANGELA MILLER; GLORIA MCCASTER; CAROLYN SILL; JENNIFER DAVIS; and KATRINA HARRY,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID MAZIE, ESQ., ADAM SLATER, ESQ. and MAZIE SLATER KATZ & FREEMAN LLC,<br><br>Defendants. | Case No. _____<br><br><br><br><br><br><br><br>**NOTICE OF REMOVAL BY DEFENDANTS DAVID MAZIE, ESQ., ADAM SLATER, ESQ., AND MAZIE, SLATER, KATZ, AND FREEMAN LLC** |

**PLEASE TAKE NOTICE** that Defendants David Mazie, Adam Slater, and Mazie, Slater, Katz & Freeman, LLC (collectively "Defendants" or "Mazie Slater") hereby remove this action,

1

which arises from the federal multi-district litigation *In re Benicar (Olmesartan) Prods. Liab. Litig.*, MDL 2606 ("Benicar MDL"), which was presided over by the Hon. Robert B. Kugler, U.S.D.J., in the United States District Court, District of New Jersey, Camden Vicinage. The Benicar MDL settled with approval of the federal court for at least $358 million. Removal is appropriate pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and *Grable* jurisdiction. The grounds for removal are set forth herein.

I.   **INTRODUCTION**

1. On or about June 22, 2023, Plaintiffs filed a civil action in the Superior Court of New Jersey – Law Division, Essex County, entitled *Johnson, et al. v. Mazie, et al.,* No. ESX-L-004010-23 (the "Action"). A copy of the Complaint and Civil Case Information Statement are attached hereto as **Exhibit A**. The Complaint alleges six counts, each and every one relate directly to Defendants' attorney fees stemming from a federal MDL litigation—the settlement of the Benicar MDL. (*See* Ex. A ¶¶ 25-53).

2. This is a copycat lawsuit to a 2021 case previously filed by same Plaintiffs' counsel, and which was dismissed by the Hon. Robert B. Kugler, U.S.D.J., which decision was affirmed by the Third Circuit Court of Appeals: *Martino v. Mazie*, 21-cv-20056 (RBK-MJS), 2022 WL 1443689 (D.N.J. May 6, 2022) (Kugler, J.), *aff'd*, No. 22-2019, 2023 WL 1990306 (3d Cir. Feb. 14, 2023) (Hardiman, J.). Copies of those decisions are attached hereto as **Exhibits M** and **N**, respectively.

3. In an effort to evade the Honorable Judges Kugler and Hardiman, Plaintiffs filed this copycat lawsuit in state court. The prior federal decisions provide in part that:

> After settlement, [Plaintiff] Martino filed a putative class action against [Defendant] Mazie Slater in New Jersey state court on behalf of all clients Mazie Slater represented in the [federal] *Olmesartan MDL*. He alleged legal malpractice, conversion of funds, and unjust

2

> enrichment. The complaint asserts that Mazie Slater received contingent fees from the *Olmesartan MDL* in violation of various New Jersey court rules **applicable to litigation in <u>federal</u> court <u>under the District of New Jersey's local rules</u>**,
>
> \* \* \*
>
> Martino alleges that Mazie Slater should have credited its individual MDL clients for monies it received through the MDL settlement's common benefit fund (CBF). Martino has identified no legal authority supporting the theory that awards disbursed from CBFs by court order to attorneys who exercised leadership roles in MDLs must be credited or paid to the attorneys' clients. And we know of none… As the District Court wrote in its order approving the CBF distribution, it compensated work done and expenses incurred by MDL attorneys "for the common benefit of all MDL plaintiffs," not for work governed by each retainer agreement
>
> \* \* \*
>
> The complaint fails to state a claim for relief under Rule 1:21-7(c) because Martino has not alleged any facts, let alone plausible ones, showing that Mazie Slater violated the rule. Martino has not alleged that he or Mazie Slater's other individual [federal] MDL clients recovered an amount requiring court approval (more than $3 million in damages). Martino's related allegations merely "embod[y] a legal point" by asserting generic conduct that would violate the rule.
>
> \* \* \*
>
> The complaint says nothing about the liability issues implicated by Mazie Slater's [federal] MDL clients' claims. It does assert that Mazie Slater represented each member of the putative class in the Olmesartan MDL. But that doesn't show a violation of the rule. Transfer and consolidation of civil actions pending in district court are permitted where the actions "involv[e] one or more common questions of fact." 28 U.S.C. § 1407(a).

*Martino*, 2023 WL 1990306, at \*1-3 (3d Cir. Feb. 14, 2023) (emph. added; fn & citations omitted).

> In April 2015, the [Federal] Judicial Panel on Multi-District Litigation ["JPML"] consolidated multiple cases filed in various state and federal courts into the *Olmesartan Multi-District Litigation* ["MDL"]. These cases concerned whether ingestion of the hypertensive Olmesartan caused gastro-intestinal injury that mimicked celiac disease.

3

\* \* \*

The MDL administrator, BG [Brown Greer law firm], was responsible for calculating the amount of damages owed to the thousands of MDL registrants.

\* \* \*

Importantly, meeting this…requirement within the designated period sometimes meant a registrant's attorney had to corral its clients and their medical providers to get proper proof of Olmesartan ingestion and related injury. The [federal Benicar MDL] settlement program gave registrants the right to appeal their initial payout determination, and typically it was registrants' attorneys who initiated and executed these appeals.

\* \* \*

[T]here were some plaintiffs' counsel who were responsible for developing the litigation record: managing the litigation, arguing discovery motions, obtaining and paying for experts, conducting discovery, creating a record, taking depositions, etc. Throughout the litigation and the settlement period, Adam Slater, Esq., served as plaintiffs' lead counsel and headed the plaintiffs' executive committee, supported by his law firm of Mazie Slater Katz and Freeman, defendant herein. Not only were Mr. Slater's tasks many and varied, but he steered the plaintiffs' litigation efforts to ensure the incentivization of [defendant-manufacturer] Daiichi to settle.

\* \* \*

It is also critical not to lose sight that Martino as well as the putative class plaintiffs who were litigants in the *Olmesartan MCL* had to have registered into the [federal] Olmesartan settlement program in order to receive their award. This means that all MCL litigants who were represented by Mazie, signed a Mazie contingency fee award, registered in the [federal] Olmesartan settlement program, AND received a damages award **UNDER THE [FEDERAL] SETTLEMENT PROGRAM, NOT UNDER THE MCL.** To bring the point home, Martino, and all other putative plaintiffs here, received an *Olmesartan* settlement award only because of the common benefit efforts of Adam Slater and his firm Mazie, which worked to bring Daiichi to the settlement table and drove the Olmesartan settlement program to completion.

\* \* \*

4

**Multidistrict Litigation Consolidation Statute**

28 U.S.C § 1407 authorizes the creation of a multidistrict litigation:

> (a) When civil actions involving **one or more common questions of fact** are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. (emphasis added).
>
> * * *
>
> Ultimately, the Court holds the plain language of Rule 1:21-7(i) does not apply to cases consolidated either in a [NJ MCL] or [federal MDL]. And this inapplicability has nothing to do with the specific, underlying legal issues, whether business torts or products liability.

*Martino*, 2022 WL 1443689, at *1–2, 5-6, 8 (D.N.J. May 6, 2022) (emphasis by Court). The Third Circuit affirmed Judge Kugler's decision in *Martino*. (Ex. N).

## II.     THIS COURT HAS DIVERSITY JURISDICTION

4.     Defendants remove the Action pursuant to 28 U.S.C. § 1332, which provides this Court with diversity jurisdiction of this action and permits Defendants to remove the Action from the Superior Court of New Jersey – Law Division, Essex County, to the United States District Court for the District of New Jersey.

5.     28 U.S.C. § 1332(a)(1) grants this Court original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states."

6.     Eric Johnson, Plaintiff is an individual residing in Chicago, Illinois. (Ex. A ¶ 1).

7.     Vanessa Williams, Executor, on behalf of the Estate of Galdys Williams, deceased, and Vanessa Williams, Individually, Plaintiff is an individual residing in Hammond, Louisiana. (Ex. A ¶ 2).

8.     McArthur Jones, Executor, on behalf of the Estate of Janet Jones, deceased, and McArthur Jones, individually, Plaintiff is an individual residing in Bakely, Georgia. (Ex. A ¶ 3).

9. Henrietta Williams, Plaintiff is an individual residing in Mullins, South Carolina. (Ex. A ¶ 4).

10. Elizabeth Lampkin, Plaintiff is an individual residing in Peoria, Illinois. (Ex. A ¶ 5).

11 Robert Deloach, executor on behalf of the Estate of Carolyn Lindsey, deceased and Robert Deloach, individually, Plaintiffs is an individual residing in Laurel, Mississippi. (Ex. A ¶ 6).

12. Carmen Moreno, Plaintiff is an individual residing in La Mesa, Texas. (Ex. A ¶ 7).

13. Rosa Moreno, Plaintiff is an individual residing in La Mesa, Texas. (Ex. A ¶ 8).

14. Theresa Nix, Plaintiff is an individual residing in Greenville, South Carolina. (Ex. A ¶ 9).

15. Deborah Hensley, Plaintiff is an individual residing in Moss Point, Mississippi. (Ex. A ¶ 10).

16. Loretta G. Robinson, Plaintiff is an individual residing in Wedgefield, South Carolina. (Ex. A ¶ 11).

17. Gregory H. Hemphill, Plaintiff is an individual residing in Converse, Texas. (Ex. A ¶ 12).

18. Delores Howard, Plaintiff is an individual residing in Upper Marlboro, Maryland. (Ex. A ¶ 13).

19. Maggie Curry, Plaintiff is an individual residing in Garysburg, North Carolina. (Ex. A ¶ 14).

20. Jean Fiebelkorn, Plaintiff is an individual residing in Calhoun, Louisiana. (Ex. A ¶ 15).

21. Elvina Gallow, Plaintiff is an individual residing in Mamou, Louisiana. (Ex. A ¶ 16).

22. Angela Miller, Plaintiff is an individual residing in Columbus, Ohio. (Ex. A ¶ 17).

23. Gloria McCaster, Plaintiff is an individual residing in Pine Apple, Alabama. (Ex. A ¶ 18).

24. Carolyn Sill, Plaintiff is an individual residing in Union Springs, Alabama. (Ex. A ¶ 19).

25. Jennifer Davis, Plaintiff is an individual residing in Jacksonville, Florida. (Ex. A ¶ 20).

26. Katrina Harry, Plaintiff is an individual residing in Saginaw, Michigan. (Ex. A ¶ 21).

27. Defendant, David Mazie is an Attorney and Partner in Defendant Mazie, Slater, Katz & Freeman, LLC with offices in Roseland, New Jersey. (Ex. A ¶ 22).[1]

28. Defendant, Adam Slater is an Attorney and Partner in Defendant Mazie, Slater, with offices in Roseland, New Jersey. (Ex. A ¶ 22).

29. The pleadings consequently establish diversity of citizenship under 28 U.S.C. § 1332(a)(1).

30. 28 U.S.C. § 1441(b)(2) only prevents removal "if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought." (Emphasis added). But here, no Defendant has been "properly joined and served" to this Action

---

[1] Defendant Mazie was wrongfully named to this Action as he made no appearances in the Benicar MDL nor any other role in that litigation. There is no reasonable basis in fact or colorable ground supporting a claim in this Action against Mr. Mazie.

as of the filing of this Notice of Removal. *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018).

31. The Complaint alleges that "[t]he amount in controversy for each Plaintiffs [sic] is less than $75,000.00, exclusive of interest," (Ex. A ¶ 24), but that conclusory allegation is later contradicted by Plaintiffs requests punitive damages, and the allegation that defendants "obtain[ed] an additional fee of approximately $4 million from the common benefit fund" of the federal Benicar MDL in relation to their work for Plaintiffs (Ex. A ¶¶ 36, 46(A), 50(A), 51(A)).

32. Moreover, the Complaint also alleges that the Plaintiffs' claims stem from the allegation that "Slater never disclosing to his clients that his firm had or would receive substantial fees and costs for the same, or substantially similar, work that he had performed for each client and for which he received a full fee under the individual retainer agreements" and the allegation that Plaintiffs' "Benicar cases handled by defendants arose 'out of the same transaction or set of facts or involve substantially identical liability issues,'" requiring Defendants to file a single fee application with the Court for all Plaintiffs' cases. (Ex. A ¶¶ 29, 34). As a result, each Plaintiff's individual damages are aggregated for purposes of diversity jurisdiction, as they jointly assert in this Action claims arising from a common interest or right in the Benicar MDL.

33. New Jersey law permits the recovery of punitive damages in the maximum amount of five times the amount of compensatory damages, or $350,000, whichever is greater. Thus, the potential punitive damages in this case exceed $75,000 alone. N.J.S.A. 2A:15-5.14; *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 508 (3d Cir. 2014) (citing *Frederico v. Home Depot*, 507 F.3d 188, 198-99 (3d Cir. 2007) (where a plaintiff was "seeking punitive damages, which we must consider when calculating the amount in controversy. Under New Jersey law, [a plaintiff] can collect punitive damages of up to five times the compensatory damages. N.J.S.A.

2A:15–5.14(b)"; "punitive damages, when available under applicable law, may be considered by a court in assessing federal jurisdiction.")

34. Therefore, 28 U.S.C. § 1332's requirement that the amount in controversy exceed $75,000 is met here.

### III. THE COURT HAS FEDERAL QUESTION JURISDICTION

35. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

36. Here, Plaintiffs concede their claims are based on the U.S. District Court for the District of New Jersey Local Rules 101.1 and 103.1(a), which incorporate New Jersey Court Rule 1:21-7 by reference, and arise from "litigation **in the Federal Courts**." (Ex. A ¶ 31) (emphasis added). Further, the Complaint alleges that Defendant "Slater was a member of the [federal Benicar MDL] fee split committee that determined the allocation of the fees and costs paid to the leadership firms from the common benefit fund **in the federal action**." (Ex. A ¶ 28) (emphasis added). Similarly, Plaintiffs alleged that "defendants applied for and received an award of fees and costs from the common benefit fund set up **in the federal litigation** to compensate lead counsel for work performed in the litigation." (Ex. A ¶ 36) (emphasis added). Plaintiffs' claims also relate to "the costs of liability experts" retained in the federal Benicar MDL. (Ex. A ¶ 40).

37. Moreover, a "court of the United States may … grant an injunction to stay proceedings in a State court … where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

38. As explained more fully herein, Plaintiffs' Complaint seeks to undermine this Court's oversight of the Benicar MDL and re-litigate an earlier lawsuit based on the same exact legal theories (and involving the same Plaintiffs' attorney), which this Court and the Third Circuit

flatly rejected. The Court should consequently have jurisdiction over this case to aid its jurisdiction and protect and effectuate its federal settlement and judgments in the Benicar MDL, and the Judgment in the *Martino v. Mazie* case. Accordingly, Plaintiffs' Complaint seeks to establish relief under state law on matters that require resolution of substantial question(s) of federal law.

### IV.   THE COURT HAS *GRABLE* JURISDICTION

39.   A federal court has jurisdiction over a state law claim if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable & Sons Metal Prods., Inc. v. Darue Engin. & Manuf.*, 545 U.S. 308, 312-13 (2005).

40.   As explained more fully herein, Plaintiffs' Complaint necessarily seeks to re-litigate and dispute the federal settlement in the Benicar MDL, overseen and approved by this Court, and Judge Kugler. *See, e.g.*, ¶ 36, *supra*, & Section VII *infra*. That dispute is the entirety of their case, including the meaning and application of federal rules, namely the District of New Jersey Local Rules 101.1 and 103.1(a) to a federal MDL settlement. Federal courts have a serious interest in deciding such contested federal issues. And this Court can resolve that dispute as it already did in the *Martino v. Mazie* case, which Plaintiffs' Complaint also seeks to re-litigate. Nor would exercising jurisdiction here disturb the balance between federal and state judicial responsibilities. Therefore, this Court has *Grable* jurisdiction over this case, as this Action implicates the "uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312.

### V.   SUPPLEMENTAL JURISDICTION

41.   This Court has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c) to the extent any Plaintiff or Claim may be found not to be subject to federal diversity, question and/or *Grable* jurisdiction.

10

### VI.  SECTION 1446 REQUIREMENTS

#### A.  Removal is Timely

42. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b), because it is filed before Defendants have been served with the Complaint, which was filed in the Superior Court of New Jersey on or about June 22, 2023. As stated, the Complaint has not been served on Defendants, nor have Defendants been joined to this Action.

#### B.  Procedural Requirements

43. Section 1446(a) requires a removing party to provide this Court with copies of all "process, pleadings and orders" served on it in the Action. The Complaint and Civil Case Information Statement from the Action are attached hereto as **Exhibit A**. However, these pleadings have not been served on Defendants. Moreover, no Defendant has been served, so no process has been attached to this Notice.

44. Exhibit A constitutes all of the "pleadings, process, and orders" in the Action filed in the Superior Court of New Jersey – Law Division, Essex County.

45. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of the Notice of Filing of the Notice of Removal with the Clerk of the Superior Court, Essex County, and serving Plaintiffs with same. A copy of the Notice to the Clerk of the Filing of Notice of Removal from the Superior Court, Essex County (which is being served on Plaintiffs) is attached hereto as **Exhibit B**, and will be filed in state court immediately after this filing.

46. Per 28 U.S.C. § 1446(b)(2), each Defendant individually joins in this removal, and consents to the removal, of this action to federal court.

## VII.   VENUE IS PROPER IN THE CAMDEN VICINAGE

47. This action arises out of the Benicar lawsuits consolidated as a multidistrict litigation ("MDL") assigned to the Hon. Robert B. Kugler, U.S.D.J., in the District of New Jersey, Camden Vicinage, and settled for at least $358 million. (*See, e.g.*, Ex. A ¶ 26-28, 31, 36).

48. The terms of the Benicar MDL settlement were reached in large part through extensive negotiations that occurred in the Federal Courthouse in Camden. The negotiations that ultimately resulted in the settlement were mediated by then United States Magistrate Judge, the Hon. Joel Schneider (retired), in the Federal Courthouse in Camden. All of the claims here arise from that settlement, and the MDL Court's implementation and supervision of that settlement.

49. Similarly, the common benefit fees and expenses at the heart of the Complaint were awarded by – and could not have existed without – the MDL Court, based in part on the recommendations of a Common Benefit Committee of plaintiff attorneys ("CBC"), including co-lead counsel Adam Slater. Those recommendations were established in significant part during a meeting of the committee that occurred at the Federal Courthouse in Camden.

50. The existence, availability, criteria, administrative process, recipients, and allocations of and for payment of the amounts of the common benefit fees and expenses were established by the MDL Court through Orders entered by the MDL Court in Camden, including:

- **CASE MANAGEMENT ORDER NO. 3 TIME AND EXPENSE REPORTING OF COMMON BENEFIT FEES AND RELATED COSTS** (ECF Document No. 21). This document is attached hereto as **Exhibit C**. The Order states in part:

    "The Court recognizes that at some time in the future, there may be applications to this Court by attorneys for payment of common benefit fees and/or expenses. The Court also acknowledges that reasonable common benefit time and expenses are necessary for the collective prosecution of all cases in this MDL litigation. . . The recovery of compensation for common benefit time expended and cost reimbursements for Participating Counsel will be allowed and is essential in this MDL litigation."

- **CASE MANAGEMENT ORDER NO. 35 COMMON BENEFIT ASSESSMENTS TO COMPENSATE PARTICIPATING COUNSEL FOR COMMON BENEFIT FEES AND RELATED COSTS** (ECF Document No. 1145). This document is attached hereto as **Exhibit D**.

- **CASE MANAGEMENT ORDER NO. 40 REGARDING AMENDMENT OF COMMON BENEFIT ASSESSMENTS TO COMPENSATE PARTICIPATING COUNSEL FOR COMMON BENEFIT FEES AND RELATED COSTS** (ECF Document No. 1215). This document is attached hereto as **Exhibit E**. This Order states in part:

  This matter comes before the Court on the motion and supporting memorandum of Plaintiffs' attorneys, through the Plaintiffs' Executive Committee, seeking to amend Case Management Order ["CMO"] 35 as to the total assessment amount ["Assessment Amount"] deducted from the Gross Monetary Recovery ["GMR"] **in each participating case or claim in this Multi-District Litigation ["MDL"] or Olmesartan Settlement Agreement Program ["the settlement program"] as well as the amount apportioned from the Assessment Amount to pay expenses and costs and attorneys' fees.** (Emphasis added).

- **CASE MANAGEMENT ORDER NO. 41 REGARDING APPOINTMENT OF THE COMMON BENEFIT COMMITTEE ["CBC"] AND ITS CREATION OF A COMMON BENEFIT REQUEST PLAN** (ECF Document No. 1220). This document is attached hereto as **Exhibit F**. The Order stated in part that the Court, "**expressly retains jurisdiction over approval of the CB Request Plan as well as over the conduct of the CBC in executing the Plan.**" (Emphasis added).

- **Case Management Order NO. 41A REGARDING FURTHER APPOINTMENT TO THE COMMON BENEFIT COMMITTEE ("CBC")** (ECF Document No. 1222). This document is attached hereto as **Exhibit G**.

- **CASE MANAGEMENT ORDER NO. 41B REGARDING COMMON BENEFIT COMMITTEE AND COMMON BENEFIT PROCESS** (ECF Document No. 1223). This document is attached hereto as **Exhibit H**. This Order states in part: "The CBC shall also provide updates to the Court on a regular basis, as often as the Court may request, and comply with any and all directions from the Court. . . The Court will thereafter issue an Order rendering the Court's final awards and allocation."

- **November 14, 2019 Memorandum Opinion and Order** (ECF Document No. 1261). This document is attached hereto as **Exhibit I**. This Order stated in part:

  On 10 September 2019, the Common Benefit Committee ["CBC" or "Committee"] of the *In re Benicar®* multi-district litigation ["MDL"] submitted its Final Recommendation ["Final"] of the awards of attorneys' fees and costs for work and expenses done for the common benefit of all MDL

plaintiffs. This submission was made only after the Committee's unanimous vote in favor of the awards listed in the Final. I have carefully reviewed the Final and find its proposed distribution of attorneys' fees and costs to be transparent, fair, reasonable, and consistent both across plaintiffs' law firms and across the categories of common work performed.

- **November 14, 2019 Common Benefit Order** (ECF Document No. 1263). This document is attached hereto as **Exhibit J**.

51. The Complaint recognizes and relies on the MDL Court's oversight and control of the settlement, attorneys' fees and expenses, and common benefit allocations as a substantial basis for the claims pled, including:

> In fact, defendant did recover an aggregate in excess of $3 million on their Benicar cases and f**ailed to apply to the court** for a reasonable fee award for the aggregate recovery as required by the contingent fee Rules.

(Ex. A ¶ 34 (emphasis added)).

> Slater never disclosed to his clients that his firm had or would receive substantial fees and costs for the same, or substantially similar, work that he had performed for each client and for which he received a full fee under the individual retainer agreements.

(Ex. A ¶ 29).

> Defendants failed to honor the New Jersey Court Rules and took fees and costs **without court approval. They further recovered millions in fees and costs in their leadership role for which no credit was given to their individual clients.**

(Ex. A ¶ 48 (emphasis added)).

> **By and through Defendants' failure to credit the Plaintiffs with reimbursement of expenses that Defendants received from the Benicar settlement as part of their leadership position, Mazie Slater has retained a benefit to which it is not entitled.**

(Ex. A ¶ 52 (emphasis added)).

52. This District's L. Civ. R. 40.1(a) provides in relevant part that: "Each civil case shall be allocated by the Clerk of the Court to Camden, Newark or Trenton at the time it is commenced. The Clerk shall consider the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose." Accordingly, this case

should be assigned to the Camden vicinage, just as the *Martino* case was allocated to the Camden vicinage based on the identical considerations. The fact that the *Martino* case was allocated to the Camden vicinage, and dismissed by the Hon. Robert B. Kugler, U.S.D.J., compels assignment of this copycat case to the same court, the Camden vicinage and Judge Kugler.

53. By way of background, the causes of action arose, at least in substantial part, from the decisions and supervisory authority of the MDL Court, including the contents of the Orders cited herein. Thus, the Camden vicinage is the most appropriate vicinage for allocation of this case. This will also facilitate assignment of this case to the Hon. Robert B. Kugler, U.S.D.J., who presided over the Benicar MDL, filed the relevant Orders, supervised the conduct of the attorneys appearing, then presided over and dismissed the *Martino* case (Ex. M), and is thus the best situated Judge for this matter.

54. The convenience of the litigants, counsel and witnesses, militates for Camden as well. Beginning with the witnesses, this will include other attorneys involved in the Benicar MDL, most notably the Executive Committee and the other members of the Common Benefit Committee who were involved in and intimately familiar with the matters at issue, as demonstrated in part by the contents of the Orders cited above. All of those attorneys committed to and participated in the proceedings in the Federal District Court in Camden. Plaintiffs, who reside outside of New Jersey, committed themselves to proceeding to trial within the Camden vicinage if their Benicar case did not resolve; thus, they can have no reasonable preference for another vicinage. In fact, if Plaintiffs were to prevail, their cases would likely need to be reopened and the fees and expenses would need to be reassessed before Judge Kugler. Defendants, currently representing themselves, have a preference for Camden, recognizing that to be the gravity center for this case. Plaintiffs' counsel's

assumed preference for Newark, since their office is located in Roseland, New Jersey is of the least significance by far.

55. Finally, the Defendants' office in the Newark vicinage is merely formulaic, whereas the cause of action centered upon activity occurring in the Federal District Court in Camden. Thus, the location of the Defendants should be accorded little weight in the calculus here.[2]

56. As set forth, Plaintiffs' counsel brought *Martino*, a nearly identical case against Defendants in the form of a class action in late 2021. (Ex. K). Defendants similarly removed the case, which was assigned to Judge Kugler in the Camden Vicinage. Plaintiffs' counsel challenged that assignment, but the Hon. Freda Wolfson (ret.) affirmed the assignment. (Ex. L). Judge Kugler then dismissed the complaint filed in that case by Plaintiffs' counsel, a complaint reciting the same facts, and based on the same legal theories found in the Complaint here. (Ex. M). The Third Circuit affirmed that dismissal. (Ex. N). This additional procedural history only strengthens the Court's original bases for assigning disputes regarding the Benicar MDL to Judge Kugler, and the propriety of assigning this case to the Camden vicinage and Judge Kugler once again.

## VIII. RESERVATION OF RIGHTS

57. By filing this Notice of Removal, Defendants do not waive any right or remedy, including without limitations, to object to service, service of process, the sufficiency of process, venue, or jurisdiction, and specifically reserves all rights, claims, defenses, and/or objections to which they may be entitled.

---

[2] If this case had been filed originally in Newark or Trenton, the arguments herein would have been made in support of a request for the Chief Judge to transfer the case to Camden, and Judge Kugler, which it is respectfully submitted would be rightfully granted. Local Civil Rule 40.1(d), (e).

**WHEREFORE**, for the reasons set forth herein, Defendants respectfully submit that: (1) the Complaint pleads the diversity of citizenship of the respective parties; (2) the amount in controversy exceeds $75,000 in each of the jointly filed cases, as well as on an aggregated basis; (3) the Court has federal question jurisdiction as the Complaint seeks relief under state law on matters that require resolution of substantial question(s) of federal law; (4) the Court has *Grable* jurisdiction, and (4) all procedural requirements of 28 U.S.C. § 1446 are met.

For these reasons, the Complaint is properly removed to this Court. Additionally, it is respectfully submitted that this matter should be assigned to the Camden vicinage and more specifically to the Hon. Robert B. Kugler. This is due to Judge Kugler's unparalleled familiarity with the facts and applicable law, as Judge Kugler presided over the Benicar MDL, including jurisdiction over the attorneys' fees and expenses earned by and awarded to plaintiffs' counsel, and recently decided a virtually-identical case to this Action, filed by the same Plaintiff attorney, and is thus the Judge best situated to preside over this case.

Dated: June 23, 2023                    Respectfully submitted,

*/s/ Adam M. Slater*
Adam M. Slater
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
*Counsel to Mazie Slater & Pro Se Defendant Slater*

*/s/ David A. Mazie*
David A. Mazie
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
*Counsel to Mazie Slater & Pro Se Defendant Mazie*

## CERTIFICATE OF SERVICE

I, Adam M. Slater, hereby certify that I have this 23rd day of June 2023 caused a true and correct copy of this Notice of Removal by Defendants David Mazie, Adam Slater, and Mazie, Slater, Katz & Freeman to be served on the following via electronic mail and hand delivery:

Bruce Nagel
Nagel Rice, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

Dated: June 23, 2023                    Respectfully submitted,

/s/*Adam M. Slater*
Adam M. Slater
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898