Exhibit A

Bruce H. Nagel, Esq. — ID# 025931977
NAGEL RICE, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

| | |
|---|---|
| ERIC JOHNSON; VANESSA WILLIAMS, EXECUTOR OF THE ESTATE OF GLADYS WILLIAMS, DECEASED, AND VANESSA WILLIAMS, INDIVIDUALLY; MCARTHUR JONES, EXECUTOR OF THE ESTATE OF JANET JONES, DECEASED AND MCARTHUR JONES, INDIVIDUALLY; HENRIETTA WILLIAMS; ELIZABETH LAMPKIN; ROBERT DELOACH, EXECUTOR OF THE ESTATE OF CAROLYN LINDSEY, DECEASED AND ROBERT DELOACH, INDIVDUALLY; CARMEN MORENO; ROSA MORENO; THERESA NIX; DEBORAH HENSLEY; LORETTA G. ROBINSON; GREGORY H. HEMPHILL; DELORES HOWARD; MAGGIE CURRY; JEAN FIEBELKORN; ELVINA GALLOW; ANGELA MILLER; GLORIA MCCASTER; CAROLYN SILL; JENNIFER DAVIS; AND KATRINA HARRY | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-ESSEX COUNTY DOCKET NO. Civil Action COMPLAINT |
| **Plaintiffs,** | |
| v. | |
| DAVID MAZIE, ESQ., ADAM SLATER, ESQ. AND MAZIE SLATER KATZ & FREEMAN LLC, | |
| **Defendants.** | |

Plaintiffs, Eric Johnson; Vanessa Williams, Executor on behalf of the Estate of Gladys Williams, deceased and Vanessa Williams, Individually; McArthur Jones, Executor of the Estate of Janet Jones, deceased and McArthur Jones, individually; Henrietta Williams; Elizabeth Lampkin; Robert Deloach, Executor on behalf of

the Estate of Carolyn Lindsey, deceased and Robert Deloach, Individually; Carmen Moreno; Rosa Moreno; Theresa Nix; Deborah Hensley; Loretta G. Robinson; Gregory H. Hemphill; Delores Howard; Maggie Curry; Jean Fiebelkorn; Elvina Gallow; Angela Miller; Gloria McCaster; Carolyn Sill; Jennifer Davis; and Katrina Harry, by way of complaint against defendants say:

1.     Eric Johnson, Plaintiff is an individual residing in Chicago, Illinois.

2.     Vanessa Williams, Executor, on behalf of the Estate of Galdys Williams, deceased, and Vanessa Williams, Individually, Plaintiff is an individual residing in Hammond, Louisiana.

3.     McArthur Jones, Executor, on behalf of the Estate of Janet Jones, deceased, and McArthur Jones, individually, Plaintiff is an individual residing in Bakely, Georgia.

4.     Henrietta Williams, Plaintiff is an individual residing in Mullins, South Carolina.

5.     Elizabeth Lampkin, Plaintiff is an individual residing in Peoria, Illinois.

6.     Robert Deloach, executor on behalf of the Estate of Carolyn Lindsey, deceased and Robert Deloach, individually, Plaintiffs is an individual residing in Laurel, Mississippi.

7.     Carmen Moreno, Plaintiff is an individual residing in La Mesa, Texas.

2

8.  Rosa Moreno, Plaintiff is an individual residing in La Mesa, Texas.

9.  Theresa Nix, Plaintiff is an individual residing in Greenville, South Carolina.

10.  Deborah Hensley, Plaintiff is an individual residing in Moss Point, Mississippi.

11.  Loretta G. Robinson, Plaintiff is an individual residing in Wedgefield, South Carolina.

12.  Gregory H. Hemphill, Plaintiff is an individual residing in Converse, Texas.

13.  Delores Howard, Plaintiff is an individual residing in Upper Marlboro, Maryland.

14.  Maggie Curry, Plaintiff is an individual residing in Garysburg, North Carolina.

15.  Jean Fiebelkorn, Plaintiff is an individual residing in Calhoun, Louisiana.

16.  Elvina Gallow, Plaintiff is an individual residing in Mamou, Louisiana.

17.  Angela Miller, Plaintiff is an individual residing in Columbus, Ohio.

18.  Gloria McCaster, Plaintiff is an individual residing in Pine Apple, Alabama.

19.  Carolyn Sill, Plaintiff is an individual residing in Union Springs, Alabama.

20.   Jennifer Davis, Plaintiff is an individual residing in Jacksonville, Florida.

21.   Katrina Harry, Plaintiff is an individual residing in Saginaw, Michigan.

22.   Defendant, David Mazie is an Attorney and Partner in Mazie, Slater, Katz & Freeman, LLC ("Mazie Slater"), with offices in Roseland, New Jersey.

23.   Defendant, Adam Slater ("Slater") is an Attorney and Partner in Mazie, Slater, with offices in Roseland, New Jersey.

## JURISDICTION AND VENUE

24.   This Court has personal jurisdiction over the Defendants because the individual defendants live in New Jersey and both defendants are principals of and work at Mazie Slater in Roseland, New Jersey. Venue is appropriate in this vicinage because Mazie Slater is located in the County of Essex.   The amount in controversy for each Plaintiffs is less than $75,000.00, exclusive of interest.

## FACTUAL BACKGROUND

25.   Plaintiffs engaged defendants to represent them in litigation involving the use of a drug known as Benicar.   Each Plaintiffs entered into a retainer agreement with defendants which was governed by New Jersey Court Rules and case law.

4

26.  Product liability lawsuits filed by defendants relating to the blood pressure medication Benicar were consolidated in both a federal and state mass tort action.

27.  Slater, of Mazie Slater was part of the leadership in the litigation being designated as co-lead counsel in the federal action and also a member of the Plaintiffs' Executive Committee.

28.  Additionally, Slater was a member of the fee split committee that determined the allocation of the fees and costs paid to the leadership firms from the common benefit fund in the federal action. In that role, Slater voted his firm millions in fees and costs for work that had been substantially performed for his individual clients.

29.  Slater never disclosed to his clients that his firm had or would receive substantial fees and costs for the same, or substantially similar, work that he had performed for each client and for which he received a full fee under the individual retainer agreements.

<u>FIRST COUNT</u>

30.  Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

31.  Pursuant to the engagement defendants were bound by the fee provisions of the New Jersey Court Rules, including Rule 1:21-7(i), made applicable to litigation in the Federal Courts through Civil Local Rule 101.1, Civil Local Rule 103.1(a) and RPC 1.5.

32.   The retainer agreement entered into with Plaintiffs was governed by the New Jersey Court Rules.

33.   Rule 1:21-7(i) provides in pertinent part:

"Calculation of Fee in Settlement of Class or Multiple Party Actions.  When representation is undertaken on behalf of several persons whose respective claims, whether or not joined in one action, arise out of the same transaction or set of facts or involve substantially identical liability issues, the contingent fee shall be calculated on the basis of the aggregate sum of all recoveries, whether by judgment, settlement or both, and shall be charged to the clients in proportion to the recovery of each.  Counsel may, however, make application for modification of the fee pursuant to paragraph (f) of his rule in appropriate cases."

34. The litigation involved claims involving the prescription drug Benicar and the same liability experts were utilized by defendants to litigate all of their cases. The Benicar cases handled by defendants arose "out of the same transaction or set of facts or involve substantially identical liability issues" and under R. 1:21-7(i) the contingent fee that could be charged "shall be calculated on the basis of the aggregate sum of all recoveries," whether by judgment, settlement, or both, and shall be charged to the client in proportion to the recovery of each." Further, pursuant to R. 1:21-(c)(5) defendants were obligated to apply for a reasonable fee in excess as $3 million.  In fact, defendant did recover an aggregate in excess of $3 million on their Benicar cases and failed to apply to the court for a reasonable

fee award for the aggregate recovery as required by the contingent fee Rules.

SECOND COUNT

35. Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

36. In addition to violating the aforesaid Plaintiffs provisions of the contingent fee Rules, defendants applied for and received an award of fees and costs from the common benefit fund set up in the federal litigation to compensate lead counsel for work performed in the litigation. Defendant Slater was one of the lead attorneys and used the same or substantially similar work product that he performed in Plaintiff's cases in order to obtain an additional fee of approximately $4 million from the common benefit fund. In fact, defendants used the same liability expert(s) for all cases.

37. By receiving fees and costs from the common benefit fund for substantially similar, if not identical work performed, defendants received more than the contingent fees that than the court Rules provide and thus violated the Rules and common law that all contingent fees must be reasonable as set forth in R. 1:21-7(c)(5) and R. 1:21-(f).

38. These wrongful conducts and actions constitute a breach of the retainer agreement and have damaged plaintiffs.

7

## THIRD COUNT

39.  Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

40.  On information and belief, the costs of liability experts were not properly allocated to the Plaintiffs as defendants handled over 200 Benicar cases and did not allocate the expert costs in a fair and reasonable manner among all of their cases, including these Plaintiffs.

41.  These wrongful acts constitute a breach of the retainer agreement.

42.  Plaintiffs have been damaged by this misallocation of expert costs for the use of the same liability expert(s) for all or substantially all cases.

## FOURTH COUNT

43.  Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

44.  The aforesaid actions constitute a breach of the applicable standard of care owed to plaintiffs and constitute legal malpractice.

45.  Plaintiffs have been damaged as a result of Defendants' malpractice.

46.  By virtue of the foregoing, defendants damaged plaintiffs.

8

WHEREFORE, Plaintiffs demand judgment in their favor against Defendants as follows:

A.   For compensatory and punitive damages;

B.   Interest cost of suit; and

C.   For such further relief as this court may deem just and equitable.

## FIFTH COUNT

47.   Plaintiffs repeats and re-alleges the allegations set forth above as though set forth at length herein.

48.   Defendants failed to honor the New Jersey Court Rules and took fees and costs without court approval. They further recovered millions in fees and costs in their leadership role for which no credit was given to their individual clients.

49.   Defendants improperly exercised dominion and control over funds that Plaintiffs are legally entitled to, constituting acts of conversion.

50.   Defendants wrongfully received fees and costs and have wrongfully converted those fees and costs.

WHEREFORE, Plaintiffs demands judgment in their favor against Defendants as follows:

A.   For compensatory and punitive damages;

B.   Interest cost of suit; and

C.   For such further relief as this court may deem just and equitable.

## SIXTH COUNT

51.  Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

52.  By and through Defendants' failure to credit the Plaintiffs with reimbursement of fees and expenses that Defendants received from the Benicar settlement as part of their leadership position, Mazie Slater has retained a benefit to which it is not entitled.

53.  Defendants have been unjustly enriched at Plaintiff's expense.

WHEREFORE, Plaintiffs demands judgment in their favor against Defendants as follows:

A.   For compensatory and punitive damages;

B.   Interest cost of suit; and

C.   For such further relief as this court may deem just and equitable.


NAGEL RICE, LLP
Attorneys for Plaintiffs

Dated: June 22, 2023               By: *Bruce H. Nagel*
                                   BRUCE H. NAGEL


## TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:25-4, Bruce H. Nagel, Esq. is hereby designated as trial counsel on behalf of Plaintiffs.

## REQUEST TO PRESERVE ELECTRONICALLY STORED INFORMATION

Please take notice that Plaintiffs during the course of this lawsuit will request from the Defendant the discovery of electronically stored information (ESI). ESI may be present on home and business computers, cell phones, hard drives, floppy discs, DVDs and CDs, flash memory, voice mail systems, e-mail programs, PDAs, tablets, web pages, server backup tapes, etc. Defendant should not destroy any such materials which may be relevant to this case. Defendant should take steps to preserve all information related in any way to Plaintiffs and/or this lawsuit. Storage and retention policies for all systems should be reviewed, and any automatic purges, deletions or write-overs must be stopped until this litigation is concluded. Failure to ensure that all currently existing ESI is maintained and protected may subject the Defendant to sanctions and adverse inferences for spoliation of evidence. Counsel for the respective parties can discuss how ESI will be exchanged.

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of another action pending in any Court or of a pending arbitration proceeding and that no other parties are necessary to join at this time. There was a prior action entitled Martino v. Mazie, et.al., where the District Court dismissed a class action in an unpublished, non-precedential

11

opinion, and the Third Circuit affirmed in an unpublished, non-precedential opinion.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

|                            |                                      |
|----------------------------|--------------------------------------|
|                            | NAGEL RICE, LLP                      |
|                            | Attorneys for Plaintiffs             |
| Dated: June 22, 2023       | By: *Bruce H. Nagel*                 |
|                            | BRUCE H. NAGEL                       |

## CERTIFICATION OF COMPLIANCE WITH RULE 1-38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

|                            |                                      |
|----------------------------|--------------------------------------|
|                            | NAGEL RICE, LLP                      |
|                            | Attorneys for Plaintiffs             |
| Dated: June 22, 2023       | By: *Bruce H. Nagel*                 |
|                            | BRUCE H. NAGEL                       |

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-004010-23**

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Eric Johnson?** NO

**Are sexual abuse claims alleged by: Vanessa Williams?** NO

**Are sexual abuse claims alleged by: McArthur Jones?** NO

**Are sexual abuse claims alleged by: Henrietta Williams?** NO

**Are sexual abuse claims alleged by: Elizabeth Lampkin?** NO

**Are sexual abuse claims alleged by: Robert Deloach?** NO

**Are sexual abuse claims alleged by: Carmen Moreno?** NO

**Are sexual abuse claims alleged by: Rosa Moreno?** NO

**Are sexual abuse claims alleged by: Theresa Nix?** NO

**Are sexual abuse claims alleged by: Deborah Hensley?** NO

**Are sexual abuse claims alleged by: Loretta G Robinson?** NO

**Are sexual abuse claims alleged by: Gregory H Hemphill?** NO

**Are sexual abuse claims alleged by: Delores Howard?** NO

**Are sexual abuse claims alleged by: Maggie Curry?** NO

**Are sexual abuse claims alleged by: Jean Fiebelkorn?** NO

**Case Caption:** JOHNSON ERIC  VS MAZIE, ESQ. DAVID

**Case Initiation Date:** 06/22/2023

**Attorney Name:** BRUCE H NAGEL

**Firm Name:** NAGEL RICE LLP

**Address:** 103 EISENHOWER PKWY

ROSELAND NJ 07068

**Phone:** 9736180400

**Name of Party:** PLAINTIFF : Johnson, Eric

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Are sexual abuse claims alleged by: Elvina Gallow? NO**

**Are sexual abuse claims alleged by: Angela Miller? NO**

**Are sexual abuse claims alleged by: Gloria McCaster? NO**

**Are sexual abuse claims alleged by: Carolyn Sill? NO**

**Are sexual abuse claims alleged by: Jennifer Davis? NO**

**Are sexual abuse claims alleged by: Katrina Harry? NO**

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   attorney/client

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>06/22/2023</u>

Dated

<u>/s/ BRUCE H NAGEL</u>

Signed