IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JOHNSON *et al.*, | : | |
| Plaintiffs, | : | Civil No. 23-03420 (RBK/MJS) |
| v. | : | **Memorandum and Order** |
| DAVID MAZIE, Esq., *et al.* | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

**THIS MATTER HAVING COME BEFORE** the Court on defendants' ["Mazie"] motion for judgment on the pleadings ["the Motion"] (Doc. No. 19),

**THIS COURT HAVING CONSIDERED** the parties' submissions without oral argument pursuant to *Loc. R. 78.1*, for the reasons stated in the opinion below, and for good cause shown,

**ORDER:**

**IT IS ORDERED:** defendants' motion for judgment on the pleadings (Doc. No. 19) is **GRANTED WITH PREJUDICE**;

**IT IS FURTHER ORDERED:** in light of the findings herein, the parties' pending motions for sanctions, including plaintiffs' motion, Doc. No. 29, and defendants' motions, Doc. Nos. 37 and 38, are made moot, and

**IT IS FURTHER ORDERED:** the Clerk of the Court is instructed to close this matter.

**MEMORANDUM OPINION**

Alleging a violation of New Jersey Court Rule 1:21-7(i) ["*NJ Rule*"][1] governing the proper amount

---

[1] **Rule 1:21-7. Contingent Fees**

…

**(c)** In any matter where a client's claim for damages is based upon the alleged tortious conduct of another, including products liability claims and claims among family members that are subject to Part V of these Rules but excluding statutorily based discrimination and employment claims, and the client is not a subrogee, an attorney shall not contract for, charge, or collect a contingent fee in excess of the following limits:
(1) 33 1/3 % on the first $750,000 recovered;
(2) 30% on the next $750,000 recovered;
(3) 25% on the next $750,000 recovered;
(4) 20% on the next $750,000 recovered; and
(5) on all amounts recovered in excess of the above by application for reasonable fee in accordance with the provisions of paragraph (f) hereof; and

…

**(i) Calculation of Fee in Settlement of Class or Multiple Party Actions.** When representation is undertaken on behalf of several persons whose respective claims, whether or not joined in one action, arise out of the same transaction or set of facts

of contingency fees a law firm can seek, plaintiffs claim defendant law firm and its lawyers [collectively "Mazie"] took an excessive fee when Mazie settled the mass tort Olmesartan Multi-District Litigation ["MDL"].[2] But for the names and state citizenship of the plaintiffs here, this action is identical to an earlier case filed by the same law firm in this Court, *Martino v. Mazie, 21-cv-20056 (RBK-MJS), 2022 WL 1443689 (D.N.J. May 6, 2022) ("Mazie I")*. In *Mazie I*, this Court granted defendants' motion to dismiss with prejudice for failure to state a claim that defendants' common benefit fund award from the Olmesartan MDL violated the NJ Rule. *See Mazie I*, 2022 WL 1443689 at *8-9. The United States Court of Appeals for the Third Circuit affirmed. *See Martino v. Mazie*, No. 22-2019, 2023 WL 1990306 at *2 (14 Feb 2023 3d Cir.) This action ["Mazie II"] merits the same fate.

Citing *Fed. R. Civ. P. ["Rule"] 12(c)*, defendants here move to dismiss plaintiffs' claims. The Court applies a *Rule 12(b)(6)* standard to the motion. *Revell v. Port Auth. Of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010) [*citing Turbe v. Gov't of the V.I.,* 938 F.2d 427, 428 (3d Cir.1991]). For a *Rule 12(b)(6)* motion, a court in the Third Circuit "accept[s] as true the allegations in the complaint and its attachments, as well as reasonable inferences construed in the light most favorable to the plaintiffs." *U.S. Express Lines, LTD. v. Higgins,* 281 F.3d 383, 387 (3d Cir.2002). Although not considering matters extraneous to the pleadings, a court may consider "a document *integral to or explicitly relied* upon in the complaint. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997). *See especially*, *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196-1197 (3d Cir.1993) holding that a court may consider other documents upon which the complaint is based. Defendants attached to their motion this Court's ruling in *Mazie I (*Doc. No. 19-5) and the Third Circuit's affirmance (Doc. No. 19-6). Besides considering these as integral to the complaint here, even more to the point, the Court takes judicial notice of its prior decision under *Fed. R. Evid. [FRE] 201*.

The motion turns exactly on the same claims and point of law as decided in *Mazie I:* whether defendants' common benefit fund award from the Olmesartan MDL was an excessive contingency fee prohibited by the *NJ Rule*. Defendants argue the common benefit fund ["CBF"] award was calculated correctly, which this Court approved as reasonable.

Plaintiffs argue the MDL CBF arose only because plaintiffs agreed to pay defendants'

---

or involve substantially identical liability issues, the contingent fee shall be calculated on the basis of the aggregate sum of all recoveries, whether by judgment, settlement or both, and shall be charged to the clients in proportion to the recovery of each. Counsel may, however, make application for modification of the fee pursuant to paragraph (f) of this rule in appropriate cases.

[2] The Olmesartan MDL, consolidated by the Judicial Panel on Multi District Litigation in April 2015, concerned products liability claims regarding certain, serious contraindications of taking the blood pressure medicine Olmesartan, a generic of the brand name drug Benicar®. Generally, the contraindications resembled symptoms of celiac disease in those who ingested the drug for several years: diarrhea, weight loss, persistent gastrointestinal upset, and, for some, hospitalization. In the summer of 2017, the MDL ended in a settlement for the thousands of U.S. consumers who experienced symptoms of varying severity from ingesting Olmesartan. Each person who signed onto the Olmesartan settlement agreement typically had executed a contingency fee agreement with a law firm that would secure for them a portion of the settlement proceeds according to the settlement calculus based on the severity of symptoms. In other words, those who had signed a contingency fee agreement with their law firms paid an agreed-upon percentage to the firms from the Olmesartan settlement award they received.

contingency fees and necessarily "piggy backs" onto these fees and therefore the CBF violates the *NJ Rule* as a double payment.

In resolving this motion having identical claims as in *Mazie I*, the Court applies *sua sponte*[3] the doctrine of collateral estoppel.[4]  The Third Circuit prerequisites for *sua sponte* application are: " '(1) the issue sought to be precluded [is] the same as that involved in the prior action;  (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.' " *Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co.,* 63 F.3d 1227, 1231–32 (3d Cir.1995) [quoting *In re Graham,* 973 F.2d 1089, 1097 (3d Cir.1992)]; *see also Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, n. 5.  All four prerequisites are met here.

The Third Circuit four-prong collateral estoppel test comprises:
(1) the identical issue was decided in a prior adjudication;
(2) there was a final judgment on the merits;
 (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and
(4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.
*Witkowski v. Welch*, 173 F.3d 192, 199 (3d Cir. 1999) [citations omitted]; *see also Burlington Northern R. Co.,* 63 F.3d at 1231-1232.

Prongs 1, 2, and 4 are met because of this Court's resolution in *Mazie I*.[5]  As for prong 3, while plaintiffs here are not the same as in *Mazie I*, the Court follows Third Circuit guidance as to the definition of privity, which  over time "has loosened to the point that the word is now used as ' way to express the conclusion that nonparty preclusion [i.e. collateral estoppel] is appropriate on any ground' " *Nationwide Mutual Fire Ins. Co. v. George V. Hamilton, Inc.* 571 F. 3d 299, 311 (3d Cir. 2009) [*quoting Taylor  v. Sturgell,* 553 U.S. 880, 128 S.Ct. 2161, 2172, n. 8.(2008)].  This loosening of the definition introduced the concept of "virtual representation" of privity.  Here, *Mazie I* plaintiffs have served as the virtual representative of the *Johnson* plaintiffs because "there is such an identification of interest between the two as to represent the same legal right". *Nationwide Mutual*, 571 F.3d at 311 [*quoting Collins v. E.I. DuPont de Nemours & Co.* 34 F.3d 172, 176 (3d. Cir. 1994).[6]

---

[3] As a basis for a *Rule 12(b)(6)* dismissal, collateral estoppel is an affirmative defense (*Fed. R. Civ. P. 8(c)*; *Brody v. Hankin*, 145 Fed. Appx. 768, 771 (3d Cir. 2005)).  Even though defendants here have not pled collateral estoppel, solid jurisprudence grounds this Court's *sua sponte* resolution of the motion on collateral estoppel grounds.  *See Arizona v. California*, 530 U.S. 392, 412 (2000) [internal citations omitted..

[4] Collateral estoppel also known as issue preclusion precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment., *Brownback v. King*, 141 S. Ct. 740, 747 n.3 (2021).

[5] *Mazie I* was dismissed with prejudice: this Court granted defendants' *Rule 12b6* motion and dismissed plaintiffs' *Rule 56* counter motion.

[6] The U.S. Supreme Court in *Taylor v. Sturgell*, 128 S.Ct. 2161, 2172 n. 8 (2008) vindicated the "virtual representation" approach of defining parties in privity. *Nationwide Mutual*, 571. F.3d at 311.

Based on this guidance, the Court finds that prong 3 of the collateral estoppel test is met. All plaintiffs in this action as well as those in *Mazie I* are in "privity" with each other because: all plaintiffs in both actions signed contingency fee agreements with defendants and participated in the Olmesartan settlement; and all plaintiffs in both actions were awarded an Olmesartan settlement amount from which defendants collected their contingency fee. Since *Mazie I* and this action have identical claims with parties in privity to each other and the *Mazie I* claims were dismissed with prejudice for failure to state a claim, the Court grants defendants' motion to dismiss on the basis of collateral estoppel.

Besides demonstrating collateral estoppel from the Third Circuit test, the Court notes the U.S. Supreme Court bids courts to resolve collateral estoppel also on a policy argument of fundamental fairness.[7] To that end, the Court has reviewed the following justice and equity considerations and find they also demand a decision of collateral estoppel. Once the *Mazie I* ruling and the Third Circuit affirmance issued, plaintiffs' attorney should have respected the promulgation of the law in these opinions, and appreciated this action would be estopped because of *Mazie I*. The Court notes this action may appear to sidestep *Mazie I* and declares the re-litigation exception of the Anti-Injunction Act at under 28 U.S.C. §2283 could have been employed to prevent such an attempt to subvert the Third Circuit affirmance of *Mazie I*.

In summary, this Court has authority under Third Circuit jurisprudence to dispose of this matter *sua sponte* under the doctrine of collateral estoppel. This Court's ruling in *Mazie I* renders this action and all claims herein collaterally estopped. Because of this collateral estoppel, plaintiffs here can plead no claim of defendants' violation of the *NJ Rule* upon which relief can be granted either for themselves or for any other group of plaintiffs who contracted with defendants under a contingency fee agreement to litigate their interests in the Olmesartan MDL.

Accordingly, this Court **GRANTS** defendants' motion for judgment on the pleadings, **DISMISSES** plaintiffs' claims with prejudice, and orders the Clerk of the Court to terminate this action.

Dated: 7 May 2024                                             /s Robert B. Kugler
                                                              Honorable ROBERT B. KUGLER
                                                              United States District Judge

---

[7] "But as so often is the case, no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings on estoppel pleas. In the end, the decision will necessarily rest on the trial courts' sense of justice and equity." *Blonder-Tongue Lab'ys, Inc. v. Univ. of Illinois Foundation*, 402 U.S. 313, 333-34 (1971)