<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| ERIC JOHNSON, *et al.*, | HONORABLE KAREN M. WILLIAMS |
| *Plaintiffs*, | Civil Action |
| v. | No. 23-3420 (KMW) (MJS) |
| DAVID MAZIE, ESQ., *et al.*, | **OPINION** |
| *Defendants*. | |

**WILLIAMS, District Judge:**

**THIS MATTER** comes before the Court on Plaintiffs' appeal (Dkt. No. 83) from the November 18, 2025 Order (Dkt. No. 81) of the Honorable Matthew J. Skahill, U.S.M.J., denying Plaintiffs' request for supplemental discovery. The discovery dispute arises in the context of proceedings on remand from the United States Court of Appeals for the Third Circuit. The remaining issues on remand include, among other things, Defendants' pending motion for sanctions under Federal Rule of Civil Procedure 11 and Plaintiffs' motion for sanctions under N.J.S.A. 2A:53A-41(f). *See Johnson v. Mazie*, 144 F.4th 146, 153–54 (3d Cir. 2025).

Plaintiffs contend that Judge Skahill erred by declining to compel Defendants to produce additional materials concerning Defendants' common-benefit fee award in the underlying Benicar multidistrict litigation. Plaintiffs principally argue that this Court had already determined, during an August 27, 2025 status conference, that Plaintiffs were entitled to the requested materials, and that Judge Skahill's ruling therefore improperly denied discovery this Court had previously authorized. Defendants oppose the appeal and maintain that Judge Skahill correctly denied the request because the discovery sought relates to Defendants' Rule 11 motion and Plaintiffs failed

to demonstrate the extraordinary circumstances required to obtain discovery in connection with Rule 11 proceedings. (*See generally* Defs.' Opp. Br., Dkt. No. 86.)

For the reasons that follow, the Court will affirm Judge Skahill's November 18, 2025 Order. As explained below, the August 27, 2025 proceedings did not result in an order compelling production of the underlying fee submissions that Plaintiffs now seek. Rather, this Court ordered production of the common-benefit opinion and order of the Honorable Robert J. Kugler, U.S.D.J., and expressly contemplated that Plaintiffs could thereafter apply for additional discovery if they believed further materials were necessary. Plaintiffs made that application, and Judge Skahill denied it after applying the legal standard governing discovery sought in connection with Rule 11 sanctions proceedings. The question presently before this Court is not whether the undersigned might have resolved the discovery dispute differently in the first instance. It is whether Judge Skahill's ruling was clearly erroneous or contrary to law. Because Plaintiffs have not made that showing, Plaintiffs' appeal will be denied.

## I.    **BACKGROUND AND PROCEDURAL HISTROY**

### a.   **The Underlying Fee Disputes**

The parties' dispute arises from the settlement of the Benicar multidistrict litigation, which involved product-liability claims concerning the blood-pressure medication Olmesartan. *See Johnson*, 144 F.4th at 149. In that litigation, Defendant Adam Slater served as co-lead counsel, and his law firm, Defendant Mazie Slater Katz & Freeman LLC, represented more than 200 plaintiffs. *Id.* The Benicar litigation ultimately settled for more than $300 million. *Id.* Defendants collected contingent fees from their clients pursuant to retainer agreements and also received compensation and reimbursement of expenses from the settlement's common-benefit fund. *Id.*

After the Benicar litigation concluded, a former client, Anthony Martino, filed a putative class action in New Jersey state court against Defendants, alleging that Defendants' receipt of common-benefit compensation, in addition to contingent fees, violated New Jersey court rules and constituted improper "double dipping." *Id.* Defendants removed that action to this District, and Judge Kugler dismissed the complaint. *Martino v. Mazie*, No. 21-20056, 2022 WL 1443689, at *8–9 (D.N.J. May 6, 2022). The Third Circuit affirmed in a nonprecedential opinion, holding that the plaintiffs had failed to identify authority requiring court-ordered common-benefit awards to be credited to individual clients and explaining that a court-managed common-benefit fund is distinct from an attorney-client retainer agreement. *Martino v. Mazie*, No. 22-2019, 2023 WL 1990306, at *1–2 (3d Cir. Feb. 14, 2023).

Plaintiffs in this action are different former Benicar clients represented by Defendants. *See Johnson*, 144 F.4th at 152. They filed this case in New Jersey state court, again challenging Defendants' receipt of common-benefit compensation in addition to contingent fees. *Id.* Defendants removed the action to this Court. *Id.* at 150. Plaintiffs moved to remand, and Defendants moved for judgment on the pleadings. *Id.* Defendants also filed a motion for Rule 11 sanctions, contending that Plaintiffs and their counsel pursued frivolous claims and legal contentions despite the prior *Martino* rulings. (*See* Dkt. No. 37.) Plaintiffs separately moved for sanctions against Defendants, asserting that Defendants violated N.J.S.A. 2A:53A-41(f) by threatening sanctions against Plaintiffs' affidavit-of-merit affiant. (*See* Dkt. No. 29.)

Judge Kugler denied Plaintiffs' motion to remand. *Johnson v. Mazie*, No. 23-3420, 2024 WL 1298901, at *6 (D.N.J. Mar. 27, 2024). He later granted Defendants' motion for judgment on the pleadings and dismissed the action. *Johnson v. Mazie*, No. 23-3420, 2024 WL 2022719, at *3

3

(D.N.J. May 7, 2024). In light of that dismissal, Judge Kugler denied both sanctions motions as moot. *Johnson*, 144 F.4th at 150.

Plaintiffs appealed, and Defendants cross-appealed. *Id.* The Third Circuit held that ancillary enforcement jurisdiction did not supply original jurisdiction sufficient to permit removal under 28 U.S.C. § 1441(a). *Id.* at 151–52. The Third Circuit therefore vacated Judge Kugler's orders and remanded for further proceedings. *Id.* at 153. The Third Circuit also explained that, because Judge Kugler denied the sanctions motions as moot following dismissal, the sanctions issues remained for the District Court to address on remand. *Id.* at 154.

### b. The August 27, 2025 Status Conference

Following remand and reassignment of this matter to the undersigned, the Court convened a status conference on August 27, 2025 to determine how the case should proceed. (Slater Cert., Ex. A, Aug. 27, 2025 Tr., Dkt. No. 86-1.) At the outset of that conference, the Court identified the issues remaining on remand as including supplemental briefing on jurisdiction and "perhaps supplemental briefing on the motions for sanctions on Rule 11." (*Id.* at 5:1–8.) The Court then invited counsel to address whether those issues required further briefing or discovery. (*Id.* at 5:8–14.)

Plaintiffs' counsel represented that no discovery was needed on the jurisdictional issue, but that limited discovery was needed in connection with Defendants' Rule 11 motion. (*Id.* at 5:20–6:18.) Plaintiffs' counsel explained that he sought to establish a record concerning the "application for the common fund award and the amount of the common fund award," including "the application of the Mazie Slater firm or any supplemental or supporting papers to get that fee award." (*Id.* at 5:22–6:7.) Plaintiffs' counsel further stated that this information was necessary to argue that work performed to obtain the common-benefit award "overlapped and was identical to

4

work that needed to be done for individual clients," thereby supporting Plaintiffs' theory that Defendants received an improper double recovery. (*Id.* at 6:8–16.) Counsel summarized his position by stating that "the only [issue] that needs very limited discovery is the Mazie Slater application for Rule 11 fees, both against my firm and against Mr. Borteck." (*Id.* at 7:7–11.)

The Court then explored whether production of Judge Kugler's common-benefit opinion and order might provide the information Plaintiffs sought. The Court observed that, "[i]f [Plaintiffs'] discovery is related to how the amount was arrived at with respect to the common benefit fund, the answer may well be the order of Judge Kugler," which the Court understood was not publicly available. (*Id.* at 11:5–10.) The Court asked Plaintiffs' counsel whether he would be satisfied with production of that order. (*Id.* at 11:14–18.) Plaintiffs' counsel responded that he "would be satisfied" if he received "the submissions made to Judge Kugler by all of the firms that sought a common benefit award and Judge Kugler's order," and stated that, if he received those materials, he would not need to depose Mr. Slater. (*Id.* at 11:20–12:4.)

Defendants objected to production of all submissions by other firms and argued that, in the first instance, Defendants should produce Judge Kugler's common-benefit order and opinion, after which Plaintiffs could make any further request if necessary. (*Id.* at 12:5–13:3.) The Court acknowledged that materials submitted by other law firms might not be relevant but also observed during the colloquy that the submissions by Defendants' firm "to Judge Kugler in support of [the] fee application" appeared "pertinent" and "relevant." (*Id.* at 13:4–19.) Defendants maintained their objection, explaining that Judge Kugler's common-benefit order stated what the court had awarded and that the order itself might end the inquiry. (*Id.* at 13:20–16:3.)

After hearing from counsel, the Court ruled incrementally. The Court stated:

> So here's what I'm going to do. I'm going to order the production
> of Judge Kugler's opinion and order with respect to the common

5

> benefit fund. You're going to produce that to Mr. Nagel. Mr. Nagel will have 30 days to make an application for additional discovery if, after reviewing that order, he is not satisfied that it contains sufficient information for him to move forward with his supplemental briefing on sanctions. I am also referring this particular issue, because it is a discovery issue, I'm referring it to Judge Skahill for further resolution, meaning: If after reviewing Judge Kugler's opinion and order, Mr. Nagel, you have an application for the fee submissions or the submissions to Judge Kugler from Slater, then . . . you can make that application for discovery to Judge Skahill directly.

(*Id.* at 16:4–16:22.)

Plaintiffs' counsel then sought clarification and reiterated his view that he needed a record concerning the application supporting Defendants' common-benefit award in order to oppose the Rule 11 motion. (*Id.* at 16:25–18:9.) The Court declined to order the additional discovery at that time, explaining that it had not reviewed Judge Kugler's order and opinion, did not know what the opinion contained, and viewed any request for further materials as "a discovery issue, not a meritorious one." (*Id.* at 18:10–16.) The Court further stated that Judge Skahill was "the proper judge in this court to make that determination as to the discovery." (*Id.* at 18:17–19.)

Later in the conference, Plaintiffs' counsel asked the Court to retain the discovery issue rather than refer it to Judge Skahill. (*Id.* at 18:21–19:14.) The Court explained that discovery disputes are ordinarily within the authority of magistrate judges, but stated that, for efficiency, it would allow Plaintiffs to make any application for additional discovery directly to the undersigned, with the reservation that the Court could refer the matter to Judge Skahill if the issue required discovery supervision. (*Id.* at 19:15–21:4.) The Court then set deadlines for production of Judge Kugler's opinion and order, any application for additional discovery beyond that opinion, and any opposition. (*Id.* at 21:16–24:20.) The Court also advised the parties that any discovery dispute

6

would be governed by Local Civil Rule 37.1 and would require a substantive meet-and-confer. (*Id.* at 24:11–25:2.)

Following the conference, the Court entered a Text Order memorializing its ruling. (Dkt. No. 71.) That Order directed counsel to submit a Discovery Confidentiality Order, required Defendants to produce "a copy of Judge Kugler's Opinion and Order requested by Plaintiffs," required the parties to meet and confer regarding any remaining discovery disputes, and provided that if Plaintiffs sought "additional discovery following production of Judge Kugler's foregoing Opinion and Order," Plaintiffs were to submit an application for additional discovery by October 1, 2025, with Defendants' opposition due by October 8, 2025. (*Id.*) The Text Order did not order production of Defendants' underlying submissions to the Common Benefit Committee or any other underlying fee-application materials. (*See id.*)

### c.  Plaintiffs' Request for Additional Discovery and Judge Skahill's Ruling

After the August 27 conference, Defendants produced Judge Kugler's November 14, 2019 common-benefit opinion and order. (*See* Slater Cert., Ex. B, Nov. 18, 2025 Tr. at 7:1–5, Dkt. No. 86-1.) Defendants also produced additional materials beyond the materials expressly ordered by the Court, including Common Benefit Committee recommendations that Judge Kugler considered and relied upon in connection with the common-benefit award. (*Id.* at 7:6–13; *see also* Dkt. No. 77.) Those materials were filed under seal. (Nov. 18, 2025 Tr. at 7:11–24.)

Plaintiffs thereafter sought additional discovery. In their October 1, 2025 submission, Plaintiffs maintained that they needed further discovery to develop their position concerning the remanded sanctions issues and to oppose Defendants' Rule 11 motion. (*See* Dkt. No. 75.) The discovery sought included, among other things, computerized time records for individual clients, materials concerning common-benefit work, submissions supporting Defendants' request for a

common-benefit award, documents reflecting the amount of the award, and related billing and cost information. (Nov. 18, 2025 Tr. at 22:15–23:4; *see also* Defs.' Opp. Br. at 6–7.) Plaintiffs also sought a deposition of Mr. Slater, though Plaintiffs later narrowed the relief requested. (Pls.' App. Br. at 1–3, Dkt. No. 83-1; Nov. 18, 2025 Tr. at 19:17–22.)

Judge Skahill held a discovery and status conference on November 18, 2025. (Slater Cert., Ex. B, Nov. 18, 2025 Tr.) At the outset, Judge Skahill summarized the relevant procedural history, including the prior dismissal, the remand from the Third Circuit, the August 27 conference before the undersigned, and the materials Defendants had produced after that conference. (*Id.* at 3:13– 7:24.) Judge Skahill noted that, in addition to Judge Kugler's opinion and order, Defendants had produced the Common Benefit Committee recommendations that Defendants represented were considered and relied upon by Judge Kugler. (*Id.* at 7:1–13.)

Plaintiffs argued that they had not known during the August 27 conference that Defendants' underlying fee application had been submitted to the Common Benefit Committee rather than directly to Judge Kugler. (*Id.* at 8:4–10:21.) Plaintiffs maintained that the Court and Plaintiffs were operating under the impression that there had been a direct submission to Judge Kugler and that Plaintiffs were entitled to the underlying materials submitted to the Committee because those materials allegedly supported the common-benefit award. (*Id.* at 8:4–12:4.) Plaintiffs further argued that the materials were necessary to show that their claims had a bona fide factual basis and were not sanctionable under Rule 11. (*Id.* at 17:1–19:19.)

Defendants opposed the request, arguing that the discovery sought related to Defendants' Rule 11 motion and that discovery in connection with Rule 11 sanctions proceedings is disfavored absent extraordinary circumstances. (*Id.* at 12:8–20.) Defendants also argued that this Court's August 27 Order required production only of Judge Kugler's opinion and order, that Defendants

8

produced additional materials beyond that requirement, and that Plaintiffs' request amounted to an effort to obtain broad discovery into underlying fee materials that Judge Kugler did not review. (*Id.* at 12:8–16:13, 20:10–22:8.)

After hearing argument, Judge Skahill denied Plaintiffs' request. Judge Skahill first determined that, notwithstanding Plaintiffs' attempt to link the discovery to several remanded issues, the discovery requests concerned billing practices, work records, and common-benefit fee materials and were, in practice, directed to the Rule 11 motion. (*Id.* at 22:9–24:12.) Judge Skahill then applied the standard governing discovery in connection with Rule 11 sanctions proceedings. He explained that the Advisory Committee Notes to Rule 11 urge courts to limit sanctions proceedings to the existing record and permit discovery only in extraordinary circumstances, so as to avoid satellite litigation over sanctions. (*Id.* at 23:3–14.) Judge Skahill further noted that courts are generally unsympathetic to discovery specifically directed to Rule 11 motions. (*Id.* at 23:15–20.)

Applying that framework, Judge Skahill found that Plaintiffs had not shown extraordinary circumstances. (*Id.* at 24:6–25:4.) Judge Skahill reasoned that Plaintiffs' argument amounted to a claim that the requested discovery was relevant, but that relevance alone is insufficient in the Rule 11 context. (*Id.* at 24:13–20.) Judge Skahill also observed that Defendants had already produced discovery beyond what this Court had originally ordered. (*Id.* at 25:1–4.) He therefore denied the request for additional discovery. (*Id.* at 24:21–25:4.) Judge Skahill's ruling was memorialized in a Text Order entered the same day. (Dkt. No. 81.)

### d. Plaintiffs' Appeal

Plaintiffs now appeal from Judge Skahill's November 18, 2025 Order. (Dkt. No. 83.) Plaintiffs have narrowed the appeal to one category of discovery: the fee application or related

materials that Defendants allegedly submitted to the Common Benefit Committee in support of Defendants' common-benefit award. (Pls.' App. Br. at 1–3.) Plaintiffs argue that this Court already determined during the August 27 conference that Plaintiffs were entitled to the requested materials and that Judge Skahill erred by denying discovery this Court had previously granted. (*Id.* at 2–3.) Plaintiffs further contend that Defendants failed to advise the Court that the underlying fee application was submitted to the Common Benefit Committee rather than directly to Judge Kugler, and that Defendants should not be permitted to avoid production on that basis. (*Id.*; Pls.' Reply Br. at 1–4, Dkt. No. 88.)

Defendants oppose the appeal. (Dkt. No. 86.) Defendants argue that this Court's August 27 Order required only the production of Judge Kugler's common-benefit opinion and order, that Defendants complied with that directive, and that Defendants also voluntarily produced the Common Benefit Committee recommendations relied upon by Judge Kugler. (Defs.' Opp. Br. at 3–7.) Defendants further argue that Judge Skahill properly analyzed Plaintiffs' request as discovery sought in connection with Rule 11 proceedings and correctly concluded that Plaintiffs failed to establish extraordinary circumstances warranting such discovery. (*Id.* at 19–27.)

The appeal is fully briefed and ripe for disposition.

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) governs a district court's review of a magistrate judge's order resolving a nondispositive pretrial matter. *See* Fed. R. Civ. P. 72(a). Under Rule 72(a), a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).

The Rule 72(a) standard is intentionally deferential. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

10

definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's ruling is "contrary to law" only if the magistrate judge misinterpreted or misapplied the applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

This deferential standard reflects the broad discretion afforded magistrate judges in supervising discovery. Accordingly, "[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *see also Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."). Thus, a district court may not substitute its own judgment simply because it might have reached a different conclusion in the first instance. *See Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000).

The discovery ruling at issue also implicates the well-established principles governing sanctions proceedings under Federal Rule of Civil Procedure 11. Rule 11 is intended to deter baseless filings while avoiding unnecessary satellite litigation concerning the sanctions process itself. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Consistent with that purpose, the Advisory Committee explained when Rule 11 was substantially amended in 1983, to avoid "satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record," and that "[d]iscovery should be conducted

11

only by leave of the court, and then only in extraordinary circumstances." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.

Courts have consistently recognized these principles and have emphasized that discovery in connection with Rule 11 motions is the exception rather than the rule. *See, e.g., Indianapolis Colts v. Mayor & City Council of Balt.*, 775 F.2d 177, 183 (7th Cir. 1985) (explaining that Rule 11 proceedings ordinarily should not devolve into "satellite litigation"); *Alvarez v. Johns Hopkins Univ.*, No. 15-950, 2019 WL 4038562, at *8 (D. Md. Aug. 27, 2019); *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003) (observing that Rule 11 was amended to reduce collateral litigation over sanctions).

Accordingly, where, as here, a magistrate judge is asked to authorize discovery directed to issues raised by a pending Rule 11 motion, the district court's review is doubly circumscribed. The Court must determine not whether it would have exercised its discretion differently, but only whether the magistrate judge's application of the governing legal standards was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

## III.    DISCUSSION

### a.    The Court Did Not Order the Discovery Plaintiffs Now Seek.

Plaintiffs' appeal rests on the contention that Judge Skahill denied discovery this Court had already ordered. That premise is not supported by the record. Although this Court stated during the August 27, 2025 conference that certain fee-related submissions appeared relevant to Plaintiffs' ability to address the remanded sanctions issues, the Court did not enter an order compelling production of the underlying materials Plaintiffs now seek. (*See* Dkt. No. 71.) Rather, the Court adopted an incremental procedure: Defendants were required to produce Judge Kugler's common-

12

benefit opinion and order, and Plaintiffs were permitted to seek additional discovery only after reviewing those materials if they believed further discovery remained necessary. (*See id.*)

The transcript of the August 27 conference makes that sequence clear. Plaintiffs' counsel initially sought discovery concerning the "application for the common fund award and the amount of the common fund award," explaining that he wanted "the application of the Mazie Slater firm or any supplemental or supporting papers to get that fee award." (Slater Cert., Ex. A, Aug. 27, 2025 Tr. 5:20–6:7.) Plaintiffs' counsel represented that such discovery was needed to respond to Defendants' Rule 11 application because, in Plaintiffs' view, the work supporting Defendants' common-benefit award overlapped with work performed for individual clients. (*Id.* at 6:8–18.) Counsel further clarified that "the only [issue] that needs very limited discovery is the Mazie Slater application for Rule 11 fees, both against my firm and against Mr. Borteck." (*Id.* at 7:7–11.)

During the ensuing colloquy, the Court observed that, if Plaintiffs' requested discovery concerned "how the amount was arrived at with respect to the common benefit fund," the answer "may well be the order of Judge Kugler." (*Id.* at 11:5–10.) Plaintiffs' counsel then stated that he "would be satisfied" if he received "the submissions made to Judge Kugler by all of the firms that sought a common benefit award and Judge Kugler's order," and that, if he received those materials, he would not need to depose Mr. Slater. (*Id.* at 11:20–12:4.) Defendants objected to producing all such materials and proposed that they first produce Judge Kugler's order, after which Plaintiffs could make any further request if necessary. (*Id.* at 12:5–13:3.)

It is true that, during this discussion, the Court stated that Defendants' own submissions "to Judge Kugler in support of [the] fee application" appeared "pertinent" and "relevant." (*Id.* at 13:12–19.) Plaintiffs rely heavily on that statement. But Plaintiffs conflate the Court's discussion of potential relevance with the order the Court ultimately entered. The issue presently before the

13

Court is not whether the requested materials may bear some relevance to Plaintiffs' position on sanctions. It is whether Judge Skahill clearly erred or acted contrary to law in denying Plaintiffs' later application for additional discovery. And the operative question for this subsection is narrower still: whether this Court had already ordered production of the materials Plaintiffs now seek. It had not.

After hearing further argument, the Court expressly limited its ruling. The Court stated:

> So here's what I'm going to do. I'm going to order the production of Judge Kugler's opinion and order with respect to the common benefit fund. You're going to produce that to Mr. Nagel. Mr. Nagel will have 30 days to make an application for additional discovery if, after reviewing that order, he is not satisfied that it contains sufficient information for him to move forward with his supplemental briefing on sanctions. I am also referring this particular issue, because it is a discovery issue, I'm referring it to Judge Skahill for further resolution, meaning: If after reviewing Judge Kugler's opinion and order, Mr. Nagel, you have an application for the fee submissions or the submissions to Judge Kugler from Slater, then . . . you can make that application for discovery to Judge Skahill directly.

(*Id.* at 16:4–16:22.) That ruling did not compel production of Defendants' underlying fee application, materials submitted to the Common Benefit Committee, computerized time records, or any other supporting documents. To the contrary, the Court expressly contemplated that Plaintiffs could make a later "application for additional discovery" if, after reviewing Judge Kugler's opinion and order, they believed additional materials were necessary. (*Id.* at 16:8–17:1.) The Court further described that future request as "a discovery issue, not a meritorious one," and explained that Judge Skahill was "the proper judge in this court to make that determination as to the discovery." (*Id.* at 18:16–19.)

The Text Order entered after the conference confirms the limited nature of the Court's ruling. The Order required Defendants to produce "a copy of Judge Kugler's Opinion and Order

14

requested by Plaintiffs," directed the parties to meet and confer regarding any remaining discovery disputes, and provided that, "[i]f counsel for Plaintiffs seeks additional discovery following production of Judge Kugler's foregoing Opinion and Order," Plaintiffs could file an application for additional discovery. (Dkt. No. 71.) The Order did not require production of Defendants' underlying submissions to the Common Benefit Committee or any other fee-application materials. (*See id.*)

Defendants complied with that directive. Judge Skahill found that Judge Kugler's opinion and order had been produced and further noted that Defendants also produced additional materials beyond what this Court had ordered, including the Common Benefit Committee recommendations that Defendants represented Judge Kugler considered and relied upon in issuing the common-benefit award. (Slater Cert., Ex. B, Nov. 18, 2025 Tr. 7:1–13, 25:1–4.) Plaintiffs do not identify any portion of this Court's Text Order requiring more. Nor could they. The Text Order reserved, rather than resolved, the question whether additional discovery would be permitted.

Plaintiffs argue that Defendants failed to disclose that the relevant fee application was submitted to the Common Benefit Committee rather than directly to Judge Kugler. (Pls.' Reply Br. at 1–4.) Plaintiffs contend that, because both Plaintiffs and the Court referred during the August conference to "submissions made to Judge Kugler," Defendants should not now be permitted to withhold materials submitted first to the Committee. (*Id.*) But that argument does not establish that Judge Skahill disregarded an existing discovery order. Whatever terminology the parties used during the August conference, this Court did not order immediate production of the underlying submissions. Instead, the Court directed production of Judge Kugler's opinion and order first and preserved Plaintiffs' ability to seek further discovery thereafter.

15

That is precisely what occurred. Plaintiffs received the materials ordered by the Court, sought additional discovery, and Judge Skahill adjudicated that request. Plaintiffs may disagree with Judge Skahill's ruling, but they have not shown that he denied discovery previously ordered by this Court. Their appeal therefore cannot be sustained on the theory that Judge Skahill failed to enforce, or effectively overruled, an earlier order of the undersigned.

**b. Judge Skahill correctly construed the request as Rule 11 discovery.**

Plaintiffs next contend that Judge Skahill improperly characterized their request as seeking discovery in connection with Defendants' pending Rule 11 motion and, as a consequence, applied an unduly restrictive legal standard. The record does not support that contention.

At the outset of the November 18, 2025 conference, Judge Skahill carefully identified the procedural posture of the case following remand from the Third Circuit and recognized that several issues technically remained pending before the Court, including Defendants' Rule 11 motion and Plaintiffs' request for sanctions under N.J.S.A. 2A:53A-41(f). (Slater Cert., Ex. B, Nov. 18, 2025 Tr. 3:13–6:25.) Judge Skahill nevertheless observed that the discovery Plaintiffs actually sought concerned Defendants' billing practices, fee applications, common-benefit submissions, and related records—all materials Plaintiffs contended would establish that their underlying claims possessed a sufficient factual basis. (*Id.* at 22:9–24:7.) Based upon the nature of the requested discovery and the purposes for which Plaintiffs sought it, Judge Skahill concluded that the application was, in substance, directed toward Defendants' pending Rule 11 motion. (*Id.*)

The Court cannot conclude that Judge Skahill clearly erred in reaching that conclusion. Indeed, the record substantially supports it. During the August 27 conference, Plaintiffs repeatedly explained that the requested discovery was necessary because Defendants had moved for Rule 11 sanctions. Plaintiffs' counsel stated that the purpose of obtaining Defendants' common-benefit fee

16

application and supporting materials was "for the Court to determine whether or not this was a bona fide cause of action, whether it's a bona fide claim, whether this was a sanctionable Rule 11 filing." (Slater Cert., Ex. A, Aug. 27, 2025 Tr. 5:22–6:2.) Counsel further explained that he sought "the application of the Mazie Slater firm or any supplemental or supporting papers" because those materials would purportedly demonstrate that work supporting the common-benefit award overlapped with work performed for individual clients. (*Id.* at 6:3–16.) Indeed, counsel summarized the request by stating that "the only [issue] that needs very limited discovery is the Mazie Slater application for Rule 11 fees." (*Id.* at 7:7–11.)

Plaintiffs' subsequent filings advanced the same rationale. Their application for additional discovery asserted that the requested materials were necessary to demonstrate that Plaintiffs' claims were supported by fact and therefore were not frivolous for purposes of Rule 11. (*See* Pls.' App. Br. at 1–3; Pls.' Reply Br. at 1–4.) Likewise, before Judge Skahill, Plaintiffs argued that the discovery would establish "the bona fides" of their claims and permit them to defend against Defendants' Rule 11 motion. (Slater Cert., Ex. B, Nov. 18, 2025 Tr. 17:1–19:19.)

Although Plaintiffs also suggest that the requested discovery bears upon their separate application for sanctions under N.J.S.A. 2A:53A-41(f), Judge Skahill was not required to accept Plaintiffs' characterization of their own request. Rather, Judge Skahill appropriately considered the substance of Plaintiffs' application—not merely the labels Plaintiffs attached to it—to determine the legal principles governing the request. On this record, it was entirely reasonable for Judge Skahill to conclude that Plaintiffs' discovery request was principally directed toward establishing that their complaint was factually supported and, therefore, toward defeating Defendants' pending Rule 11 motion. That conclusion was consistent not only with Plaintiffs' own

17

repeated explanations of why they sought the discovery, but also with the nature of the requested materials themselves.

Nor did Judge Skahill's characterization of the request improperly foreclose consideration of Plaintiffs' remaining arguments. Judge Skahill did not hold that the requested materials lacked relevance or that Plaintiffs were categorically barred from seeking discovery because Rule 11 was implicated. Rather, he recognized that once the discovery was properly understood as being sought in connection with Rule 11 proceedings, the request was governed by the body of law addressing discovery in that context. Whether Plaintiffs ultimately satisfied that standard was a separate question, addressed in the next section of the Court's analysis.

Accordingly, Judge Skahill did not clearly err in determining that Plaintiffs' application should be analyzed under the legal principles governing discovery sought in connection with Rule 11 proceedings. Whether Plaintiffs ultimately satisfied that standard is a separate question. The Court therefore turns to whether Judge Skahill erred in concluding that Plaintiffs failed to demonstrate the extraordinary circumstances necessary to warrant such discovery.

### c. Judge Skahill properly concluded Plaintiffs failed to demonstrate extraordinary circumstances.

Having reasonably determined that Plaintiffs' application sought discovery in connection with Defendants' pending Rule 11 motion, Judge Skahill next considered whether Plaintiffs had demonstrated the extraordinary circumstances necessary to justify such discovery. Applying the governing Rule 11 authorities, Judge Skahill concluded they had not. The Court cannot say that determination was clearly erroneous or contrary to law.

As discussed above, Rule 11 proceedings are intended to resolve whether counsel's conduct was objectively reasonable without spawning extensive collateral litigation. *See Cooter & Gell*, 496 U.S. at 393. Consistent with that objective, the Advisory Committee Notes instruct that

18

sanctions proceedings ordinarily should be confined to the existing record and that discovery should be permitted "only in extraordinary circumstances." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment. Courts applying Rule 11 have likewise recognized that discovery in connection with sanctions motions is the exception, not the rule, because permitting routine discovery would undermine Rule 11's purpose of avoiding satellite litigation. *See Indianapolis Colts*, 775 F.2d at 183; *Alvarez*, 2019 WL 4038562, at *8.

Judge Skahill expressly relied upon these authorities. After reviewing Plaintiffs' application and hearing oral argument, he explained that the Advisory Committee Notes counsel against discovery in Rule 11 proceedings absent extraordinary circumstances and observed that courts have generally been reluctant to authorize such discovery. (Slater Cert., Ex. B, Nov. 18, 2025 Tr. 23:3–20.) Judge Skahill then concluded that Plaintiffs had failed to satisfy that standard because their application established, at most, that the requested materials were relevant to their position regarding Rule 11. (*Id.* at 24:6–20.) Judge Skahill further observed that Defendants had already produced not only Judge Kugler's common-benefit opinion and order, as required by this Court's August 27 Order, but also additional materials beyond those expressly required. (*Id.* at 25:1–4.)

Plaintiffs' appellate briefing does not demonstrate that Judge Skahill committed clear error in reaching that conclusion. Rather, Plaintiffs largely reiterate that the requested materials are relevant because they purportedly show that Defendants' common-benefit work overlapped with work performed on behalf of individual clients and therefore support the factual basis of Plaintiffs' claims. (Pls.' App. Br. at 2–4; Pls.' Reply Br. at 1–4.) But that argument addresses only one component of the analysis. Even assuming the requested materials possess some relevance to

19

Plaintiffs' defense of the Rule 11 motion, relevance alone does not satisfy the heightened standard governing discovery in Rule 11 proceedings.

Indeed, Plaintiffs' appellate argument largely assumes that because the requested discovery may bear upon issues raised by Defendants' Rule 11 motion, Judge Skahill was required to permit discovery. That premise is inconsistent with the governing authorities. In the Rule 11 context, relevance and discoverability are not synonymous. Once Judge Skahill reasonably concluded that Plaintiffs principally sought discovery to defend against Defendants' Rule 11 motion, he was required to apply the legal principles governing discovery in Rule 11 proceedings—not the ordinary standards applicable to civil discovery. The Advisory Committee Notes make clear that the latter inquiry demands more than a showing that the requested materials may assist a party's position; it requires extraordinary circumstances warranting departure from the general rule that sanctions proceedings should proceed on the existing record.

Nor was Judge Skahill required to conclude that extraordinary circumstances existed merely because Plaintiffs asserted they had recently learned that Defendants' underlying fee application had been submitted to the Common Benefit Committee rather than directly to Judge Kugler. Whether that fact ultimately strengthened Plaintiffs' request for additional discovery was itself a matter committed to Judge Skahill's discretion. Rule 72(a) does not authorize this Court to substitute its own judgment simply because Plaintiffs identify a different conclusion the magistrate judge could have reached. *See Andrews*, 191 F.R.D. at 68. Rather, the question is whether Judge Skahill's conclusion falls outside the range of permissible outcomes under the governing law. On this record, it does not.

In short, Judge Skahill identified the correct legal standard, considered Plaintiffs' arguments, acknowledged the discovery Defendants had already produced, and concluded that

20

Plaintiffs had not demonstrated the extraordinary circumstances necessary to warrant additional Rule 11 discovery. Plaintiffs have not shown that this determination was clearly erroneous or contrary to law. Accordingly, the Court will not disturb Judge Skahill's exercise of discretion.

### d. Plaintiffs' remaining arguments do not establish that the order was clearly erroneous or contrary to law.

Plaintiffs' remaining arguments do not alter the Court's conclusion. Plaintiffs contend that Defendants were not forthright during the August 27 conference because they did not disclose that the underlying common-benefit fee application was submitted to the Common Benefit Committee rather than directly to Judge Kugler. (Pls.' Reply Br. at 1–4.) Plaintiffs further contend that, had the Court understood that distinction, it would have ordered production of the materials submitted to the Committee. (*Id.*) These arguments do not demonstrate that Judge Skahill's ruling was clearly erroneous or contrary to law.

As an initial matter, the Court need not resolve the parties' competing characterizations of the August 27 colloquy to decide this appeal. Even accepting Plaintiffs' premise that the parties and the Court initially discussed the requested materials in terms of "submissions made to Judge Kugler," the Court did not order production of those submissions. Instead, the Court ordered production of Judge Kugler's opinion and order and expressly allowed Plaintiffs to seek additional discovery thereafter. (Slater Cert., Ex. A, Aug. 27, 2025 Tr. 16:4–24; *see* Dkt. No. 71.) Thus, the asserted confusion regarding whether materials were submitted directly to Judge Kugler or first to the Common Benefit Committee does not establish that Judge Skahill failed to enforce an existing order. It confirms, at most, that Plaintiffs believed additional materials were necessary after reviewing the production they received. That was the precise issue Judge Skahill was asked to decide.

21

Nor does Plaintiffs' allegation that Defendants withheld relevant information supply the extraordinary circumstances required for Rule 11 discovery. Plaintiffs argue that they need the underlying fee application and related materials to prove that their claims were not frivolous. But Rule 11 assesses whether a filing was objectively reasonable based on the circumstances existing at the time the paper was presented to the Court. *See* Fed. R. Civ. P. 11(b); *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94–95 (3d Cir. 1988) (holding that a "proper Rule 11 analysis should focus on the circumstances that existed at the time counsel filed the challenged paper."). Plaintiffs do not contend that they possessed the requested Committee submissions when they filed or opposed dismissal in this case. Rather, Plaintiffs seek those materials now in an effort to bolster their response to Defendants' pending sanctions motion. Judge Skahill did not clearly err in declining to allow Rule 11 proceedings to expand into *post hoc* discovery concerning materials that were not part of the record before Plaintiffs when the challenged filings were made.

Plaintiffs also suggest that Judge Skahill's ruling prevents them from developing a complete record concerning the bona fides of their underlying claims. But the question on this appeal is not whether Plaintiffs would prefer a more complete factual record. Nor is it whether the requested discovery might assist Plaintiffs in defending against sanctions. The question is whether Judge Skahill misapplied the law or reached a clearly erroneous conclusion when he determined that Plaintiffs had not shown extraordinary circumstances warranting additional discovery in connection with Rule 11 proceedings. For the reasons already stated, he did not.

The Court also rejects Plaintiffs' contention that Defendants' reliance on Rule 11 discovery authorities was somehow untimely or improper because Defendants did not persuade this Court to deny all discovery during the August 27 conference. (Pls.' Reply Br. at 4.) The August 27 proceedings did not finally resolve whether additional discovery would be permitted. Instead, the

22

Court established a procedure under which Defendants would first produce Judge Kugler's opinion and order, after which Plaintiffs could apply for additional discovery. (Aug. 27, 2025 Tr. 16:4–17:1; *see* Dkt. No. 71.) When Plaintiffs made that application, Defendants were entitled to oppose it on the grounds that the requested discovery was directed to the Rule 11 proceedings and that Plaintiffs had not demonstrated extraordinary circumstances. Judge Skahill was likewise entitled to consider that argument and apply the governing law.

Finally, Plaintiffs' appeal at times invites the Court to decide broader questions concerning the merits of their claims, the effect of the common-benefit award, or the ultimate viability of Defendants' Rule 11 motion. The Court declines to do so here. The only issue presently before the Court is whether Judge Skahill's November 18, 2025 discovery ruling should be modified or set aside under Rule 72(a). It should not. Judge Skahill considered the procedural history, reviewed the parties' submissions, heard argument, identified the governing Rule 11 discovery principles, and concluded that Plaintiffs had failed to demonstrate extraordinary circumstances warranting additional discovery. (Slater Cert., Ex. B, Nov. 18, 2025 Tr. 22:9–25:4.) That ruling was neither clearly erroneous nor contrary to law.

Accordingly, Plaintiffs' appeal will be denied, and Judge Skahill's November 18, 2025 Order will be affirmed.

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiffs' appeal (Dkt. No. 83) from Magistrate Judge Matthew J. Skahill's November 18, 2025 Order denying Plaintiffs' request for supplemental discovery is **DENIED**. The Court will issue an Order consistent with this Opinion.

Dated: June 30, 2026

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

23